CHARLIE SIMMONS V. STATE.

No. 26,567. November 4, 1953.

No Attorney for appellant of record on appeal.

*Wesley Dice*, State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

Appellant was charged by complaint and information with having violated the liquor laws in Lamar County, Texas, and his punishment was assessed at a fine of $400.00 and confinement in the county jail for 100 days.

The complaint attempts not only to charge the original offense committed on the 25th day of February, 1953, but also four previous convictions of the alleged same character.

We are met early herein with a motion to quash the information because it is alleged that same is based upon an improper complaint. The complaint reads in part as follows:

"IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:

"BEFORE ME, the undersigned authority, on this day personally appeared W. G. Poplin, who, after being by me duly sworn, on oath deposes and says: That heretofore, to-wit: on or about the 25th day of February, A.D., 1953, and before the making and filing of this Complaint, in the County of Lamar and State of Texas,_____defendant, in said County and State, did then and there unlawfully transport an intoxicating beverage, to-wit, whiskey, in a dry area, to-wit: Lamar County, Texas, after an election had been held," etc.

The information contains the name of Charlie Simmons in the blank left in the complaint, but the information must be based upon a complaint; and in the complaint hereinabove set out no person is alleged to have committed an offense against the law.

Under the condition in which we find the record, the information should have been quashed because it is based upon an insufficient complaint.

The judgment is therefore reversed and the prosecution ordered dismissed.